# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIFFANY M. HUGHES, | ) |
| | ) Case No. 13-cv-3688 |
| Plaintiff, | ) |
| | ) Honorable Joan B. Gottschall |
| v. | ) |
| | ) |
| ACCRETIVE HEALTH, INC., MARY A. TOLAN, JOHN T. STATON, AND JAMES M. BOLOTIN, | ) **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE; ORDER ON APPLICATION FOR LEAD** |
| Defendants. | ) **COUNSEL'S FEE AND EXPENSE AWARD AND THE LEAD PLAINTIFF COST AND EXPENSE AWARD** |

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 8, 2016 (the "Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of February 19, 2016, (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation, including the terms and conditions of the Stipulation and all exhibits thereto, and over all Parties to the Litigation, and all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for settlement purposes only, a Settlement Class consisting of all Persons who purchased or otherwise acquired the common stock of Accretive Health, purchased or otherwise acquired call options on Accretive Health common stock, or wrote put options on Accretive Health common stock, between May 20, 2010, through December 30, 2014, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, the officers and directors of Accretive Health during the Settlement Class Period, the legal representatives, heirs, successors, or assigns of any of the foregoing excluded Persons and any entity in which any of the Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who

332689.1 ACCRETIVE

submitted valid and timely requests for exclusion in accordance with the requirements set forth in the Notice who are listed on Schedule 1 hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is appointed as the class representative for the Settlement Class ("Class Representative") and Lead Counsel is appointed as counsel for the Settlement Class.

5. The Court finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court-appointed Class Representative, Pressure Controls, Inc., are typical of the claims of the Settlement Class it represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notices were reasonably calculated under the circumstances to apprise Settlement Class Members of the nature of the Litigation, including the claims, issues and defenses thereto, the proposed Settlement set forth in the Stipulation, the definition of the Settlement Class, their right to exclude themselves from the Settlement Class and

the manner to do so, their right to object to any aspect of the proposed Settlement, their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, and the binding effect of these proceedings, rulings, orders, and judgments in this Litigation on all Persons who are not excluded from the Settlement Class. Said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiff, the Settlement Class, and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

8. The Litigation and all Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. All Persons whose names appear on Schedule 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue Released Claims on behalf of those who are bound by this Judgment.

10. In accordance with Paragraph 1.27 of the Stipulation, for purposes of this Judgment the term "Released Claims" means any and all claims, known or unknown, contingent

or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, or in equity, including Unknown Claims, that have been or could have been asserted against all or any of the Defendants or any of the Released Persons that (i) arise out of or relate to the claims or allegations in the Litigation, including the acts, facts, events, disclosures, or omissions alleged in the Litigation; or (ii) relate to the purchase, sale or ownership of Accretive Health Securities during the period from and including May 20, 2010, through December 30, 2014; *provided, however,* that the term "Released Claims" shall not include claims to enforce the Settlement or the Judgment entered pursuant thereto.

11. In accordance with Paragraph 1.28 of the Stipulation, for purposes of this Judgment the term "Released Persons" shall mean: each and all of the Defendants, and each and all of their Related Persons. In accordance with Paragraph 1.26 of the Stipulation, the term "Related Persons" shall mean: each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

12. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members on behalf of themselves and each of their respective officers, directors, shareholders, employees,

agents, personal representatives, spouses, subsidiaries, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, and regardless of whether any such Lead Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including known claims and Unknown Claims) against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether their own behalf or on behalf of a class or any other Person, any Released Claims against any of the Released Persons.

13. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, provided that nothing herein shall bar any action or claim to enforce the terms of the Settlement or this Judgment entered pursuant thereto.

14. Any further orders or proceedings solely regarding the Plan of Allocation, the Fee and Expense Award or the Lead Plaintiff Cost and Expense Award shall in no way disturb or affect this Judgment, and shall be considered separate and apart from this Judgment.

15. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) shall be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Persons; and (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, except that Defendants may file or refer to the Stipulation and/or the Judgment in any action that may be brought against them in order to enforce the releases or other protections granted herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

17. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the terms of Paragraph 8.4 of the Stipulation shall apply.

19. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits thereto, provided that such amendments, modification, and expansions of the Stipulation are not materially inconsistent with this Judgment and do not materially limit the rights of Settlement Class Members under the Stipulation.

20. The Court hereby **GRANTS** Lead Counsel's attorneys' fees of 30% of the Settlement Fund and expenses in an amount of $100,899.73, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid, to be paid from the Settlement Fund, in accordance with the Stipulation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class. Said fees shall be allocated among Plaintiff's counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation.

21. The Court hereby **GRANTS** Lead Plaintiff Pressure Controls, Inc. reasonable costs and expenses (including lost wages) directly related to its representation of the Class in the amount of $7,000.00, to be paid from the Settlement Fund, in accordance with the Stipulation.

DATED: _____

                                        The Honorable Joan B. Gottschall
                                        United States District Judge

**SCHEDULE 1**

**List of Persons Excluded from the Settlement Class in**

*Hughes v. Accretive Health, Inc. et al.*

Civil Action No. 13-cv-03688

The following Persons, and only the following Persons, properly excluded themselves from the Settlement Class by the _____, 2016, deadline pursuant to the Court's Preliminary Approval Order dated_____, 2016:

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |